Ingraham, J.
There can be no doubt but that the' property of the Pennsylvania company was transferred to the Hew York company, upon no other consideration than the issue of shares of stock of the company, which went to the shareholders of the Pennsylvania company, and was subject to the payment of the debts of that company. Hor is there any doubt that a creditor of the first company has the right, after judgment, to follow that property in the possession of the Hew York company. For the purpose of enforcing payment of the plaintiff’s judgment the property belonging to the debtor; and, transferred without consideration to the Hew York company, may be followed while in their possession, and made applicable to the payment *285 of the debt. At the same time, considering the extent of defendant’s business, and the vast interests involved, I do not think a receiver should be appointed without giving the defendants the opportunity of avoiding the same by giving security. For this purpose the defendant may have thirty days within which to file a bond with sufficient sureties, to be approved by a justice, to secure the plaintiff any recovery he may obtain in this case, and in default thereof, the motion for a receiver is granted.
The objection that the Philadelphia company is a necessary party, is no bar to granting the motion. When the object is merely to collect a judgment, I do not think it necessary; but if it should be, that can be done hereafter by having the company brought in as defendants. •
Motion granted unless defendant files the bond, as above stated.